

**George Latimer**
**County Executive**

Department of Law

John M. Nonna
County Attorney

April 2, 2024

**VIA CM/ECF**

Honorable Kenneth M. Karas
U.S. District Court, Southern District of New York
United States District Courthouse
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

    Re:    **Letter Motion for Adjournment of Initial Conference *and* Extension of Deadline to Submit Proposed Case Management & Discovery Schedule**
*Riddenhour v. City of Mount Vernon*, No. 24-cv-2055 (KMK) (S.D.N.Y.)

Your Honor,

    Pursuant to paragraph I(C) of this Court's Individual Rules of Practice, dated August 28, 2023 ("Individual Rules"), defendants County of Westchester Department of Public Safety, Westchester County Police Department, and County of Westchester ("County Defendants") hereby request:

    (i)    *Initial Conference*: An adjournment of the initial conference in this matter, which is currently scheduled for Monday, April 8, 2024 (*see* CM/ECF Doc. No. 11), to a date sixty days after plaintiff Lawsen Riddenhour ("Plaintiff") serves this Office (via email or otherwise) with a release of criminal records that have been sealed pursuant to Section 160.50 of the New York Criminal Procedural Law (a "§ 160.50 Release"); and

    (ii)    *Proposed Discovery Schedule*: An extension of the deadline for the parties to submit their proposed case management and discovery schedule ("Proposed Discovery Schedule") until 5:00 p.m. on the evening before the adjourned date of the initial conference.

    This is the first request for an adjournment and for an extension. Plaintiff joins in this request, and City Defendants consent to it.

Relevant Background

    On February 7, 2024, Plaintiff commenced the above-reference action in the Supreme Court of the State of New York, County of Westchester. *See* CM/ECF Doc. No. 1-1 (Notice of Removal, Exhibit A) at 4–17 [hereinafter, "Complt."]). The crux of Plaintiff's complaint involves a prosecution that was allegedly vacated on the Westchester County District Attorney's motion on September 29, 2023 (the "Underlying Prosecution"). Complt. ¶ 21. Plaintiff alleges that the Underlying Prosecution concerned "alleged drug sales on June 14, 2017 and July 6, 2017" and



Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601    Telephone: 914-995-2660    Fax: 914-995-3132

resulted in his incarceration for a one-year period. Complt. ¶¶ 16, 21. Records in this Office indicate, however, that Plaintiff was actually incarcerated for an offense that occurred on February 21, 2017, and that he pleaded guilty (the "Related Prosecution"). *See* Exhibit A (Uniform Sentence & Commitment in *People v. Lawson Riddenhour*, Superior Ct. Case No. 00556S-2017 (Westchester Cnty. Ct.)) at 1.[1] Furthermore, Plaintiff has not provided County Defendants with a § 160.50 release for the Underlying Prosecution—without which, County Defendants cannot confirm even its existence.

On March 19, 2024, County Defendants and defendants City of Mount Vernon, City of Mount Vernon Police Department, and Detective Camilo Antonini (collectively, "City Defendants") removed the action to federal court. *See* CM/ECF Doc. No. 1 (Notice of Removal). On March 25, 2024, the Mediation Office of the United States District Court for the Southern Office (the "Mediation Office") designated this matter for participation in the Plan for Certain § 1983 Cases Against Police Departments in Westchester, Rockland, Putnam, Orange, Dutchess or Sullivan Counties (the "1983 Plan"). *See* Dkt. Entry of 03/25/2024 (No Document). As a result of that designation: service upon County Defendants is not complete under they are served with a § 160.50 release <u>and</u> County Defendants' time to answer or otherwise respond will be sixty days from the date they get the waiver (*see* 1983 Plan ¶¶ 1(a), 3). An hour-and-a-half after the Mediation Office's 1983 Plan designation hit the docket, this Office emailed Plaintiff to request a § 160.50 Waiver in accordance with the 1983 Plan. *See* Exhibit B (Email Request for § 160.50 Release). As of the date of this letter motion, County Defendants have not received a § 160.50 Release.[2]

Rationale for County Defendants' Request

By granting defendants at least eighty days from the date of service to answer a complaint, the 1983 Plan implicitly recognizes that (i) it takes time to marshal sealed criminal court documents, and (ii) such sealed criminal documents are susceptible to consideration on a motion to dismiss. *See Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 3d 801, 805 (S.D.N.Y. 2011). Should the Court instead direct the parties to propose a case management and discovery schedule at this early date—especially considering the Court's decided preference for completing fact discovery within 120 days (*see* Judge Karas's form Civil Case Management and Scheduling Order, dated April 24, 2018)—County Defendants could spend the better part of discovery running down documents that should have been made available to them before they answer.

The April 8 conference is adjourned. Plaintiff is to respond to this letter by 4/5/24 regarding the 160.50 release and, in particular, when that release will be provided.

So Ordered.
4/2/24

CC:   All Parties (*via CM/ECF*)

Respectfully submitted,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: _____
Sean T. Carey
Associate County Attorney, of Counsel

---

[1] This Office has redacted confidential, pedigree information from this document.

[2] For the sake of completeness, please note that on January 2, 2023, Plaintiff did fill out a § 160.50 Release in favor of City Defendants. Note, however, that such a waiver does not unseal the subject records as to County Defendants. *See* N.Y. Crim. Proc. L. § 160.50(1)(d).

2